## LANDRY v. ERKMAN et al.
### No. 9286.

Court of Civil Appeals of Texas. San Antonio.

March 7, 1934.

Carroll L. Thomas and Angus Munro, both of San Benito, for appellant.

Johnston & Newland, of Harlingen, for appellees.

FLY, Chief Justice.

This is a suit which originated in a justice's court in Cameron county by appellant against appellees, R. Erkman and Georgia B. Ellsworth, to recover possession and title of a certain automobile which appellant claimed to have purchased, in good faith, for value, from Erkman. In the justice's court and in the county court, to which the case was appealed, judgment was rendered in favor of Georgia B. Ellsworth for title and possession of the automobile and $50 damages against appellant for unlawful sequestration of the car and preventing her using it on her farm. Erkman was dismissed by appellant from the suit.

There is no statement of facts but the findings of fact of the county judge are to the effect that Georgia B. Ellsworth owned a farm upon which Erkman was employed by the owner, Georgia B. Ellsworth. She needed a car on the farm and intrusted Erkman with $200 with which to purchase one for her, instructing him to buy it in her name and to require a bill of sale to her. Erkman purchased the car and took a bill of sale from the seller to him, not mentioning his employer, and he placed the bill of sale on record, as required by law, in his own name. He reported to her that he had bought the car for her, and she was ignorant of the fact that the car had been bought in the name of Erkman and the bill of sale given him and placed of record by him. The car was used by Erkman on the farm in the prosecution of the work of the owner. The purchase of the car was made in June, 1932, and in October, 1932, Erkman borrowed $110 from appellant in this case and gave him a bill of sale, which in truth and in fact was intended as a mortgage on the automobile of Georgia B. Ellsworth. The latter had no knowledge of the misconduct of Erkman in reference to the automobile until this suit was instituted. The instrument given by Erkman to appellant was on its face a bill of sale, but the court found that in truth and in fact it was a mortgage on the automobile. Appellant claimed to be the purchaser of the car, and that the bill of sale was what it purported to be, a conveyance of the car from Erkman to him. He had no knowledge of the claim of Georgia B. Ellsworth at the time the bill of sale was taken. He did not seek to foreclose a lien, in the alternative, on the automobile, but it was a clear suit for title and possession of the automobile which he claimed as his own.

██ We are to be guided by the findings of fact of the trial judge, in the absence of a statement of facts, and under his findings appellant had no right to the title and possession of the property, but only held a lien on it, given by Erkman, and which lien appellant did not seek to foreclose. There being an utter failure on the part of appellant to show a right of title and possession in the automobile, he failed to make out his case, and the court properly rendered a judgment against him in favor of Georgia B. Ellsworth

for title and possession of the automobile, and, under the case as presented, we find no error in the action of the court in rendering judgment for $50 damages arising from the issuance and levy of a writ of sequestration by which the rightful owner was deprived of its use and was thereby damaged in the sum found by the court.

The judgment is affirmed.